# United States District Court
## Middle District Of Florida
### Orlando Division

**CARLOS VELEZ,**

      **Plaintiff,**

**v.**                                      **Case No: 6:19-cv-987-GAP-LRH**

**SPRINT/UNITED MANAGEMENT COMPANY,**

      **Defendant.**

## Report and Recommendation

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **DEFENDANT'S MOTION TO TAX COSTS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 51)**
>
> **FILED:**      December 29, 2020
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

**I. BACKGROUND.**

Plaintiff Carlos Velez instituted this action in state court on March 18, 2019 against Sprint Corporation. Doc. No. 1-2, at 22–34; Doc. No. 1-5. Sprint Corporation removed the matter to this Court on May 28, 2019. Doc. No. 1. On October 4, 2019, Plaintiff filed a Second Amended Complaint against Sprint Corporation and Sprint/United Management Company. Doc. No. 16. Plaintiff asserted the following claims: (1) interference/denial in violation of the Family Medical

Leave Act ("FMLA") (Count I); (2) retaliation in violation of the FMLA (Count II); (3) violation of the Americans with Disabilities Act ("ADA") and the Americans with Disabilities Act Amendments Act ("ADAAA") for disability discrimination/failure to accommodate (Count III); (4) violation of the Florida Civil Rights Act ("FCRA") for disability discrimination/failure to accommodate (Count IV); (5) violation of the FCRA for disability (handicap) retaliation; and (6) retaliation in violation of the ADA and ADAAA (Count VI).  Doc. No. 16.

After issuance of an amended Case Management and Scheduling Order, Sprint Corporation and Sprint/United Management Company each filed motions for summary judgment, and Plaintiff likewise filed a motion for partial summary judgment.  Doc. Nos. 28, 31, 33, 36.  Prior to resolution of those motions, Plaintiff's claims against Sprint Corporation were dismissed by stipulation of the parties, but Defendant Sprint/United Management Company (hereinafter "Defendant") remained a party to these proceedings.  Doc. Nos. 41, 42.

By Order dated December 15, 2020, the Court granted Defendant's motion for summary judgment and denied Plaintiff's motion for partial summary judgment.  Doc. No. 49.  On December 16, 2020, judgment was entered in favor of Defendant and against Plaintiff.  Doc. No. 50.

On December 29, 2020, Defendant filed the above-styled Motion to Tax Costs.  Doc. No. 51.  With the motion, Defendant has submitted a proposed bill of costs.  Doc. No. 51-1, at 1–2; *see also* Doc. No. 52.  Defendant has also submitted invoices and other documents in support of the requested costs.  Doc. No. 51-1, at 3–35; *see also* Doc. No. 52.  Defendant seeks to recover $400.00 in fees of the Clerk and $8,486.65 in fees and disbursements for printing, for a total of $8,886.65.  Doc. No. 52, at 1.

Plaintiff opposes, arguing that the costs sought are not all statutorily taxable under 28 U.S.C. § 1920 and that Defendant fails to provide sufficient explanation as to why the costs were necessary. Doc. No. 53.   The matter was referred to the undersigned, and it is ripe for review.

## II.    APPLICABLE LAW.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."   Fed. R. Civ. P. 54(d)(1).   "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs."   *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).   "[A] district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs."   *Id.* at 1277 (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023–24 (11th Cir. 2000)); *see also Madden v. Fidelity Nat. Information Services, Inc.*, No. 8:13-cv-1316-T-35AEP, 2014 WL 5039542 (M.D. Fla. Oct. 6, 2014) (awarding costs under Rule 54(d) to a prevailing defendant in an FMLA and ADA action).   Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920, which delineates the allowable costs as:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under 28 U.S.C. § 1923;

(6) Compensation of court appointed experts, interpreters, and costs of special interpretation services.

A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Miles v. Provident Life & Accident Ins. Co.*, No. 6:08-cv-69-Orl-18KRS, 2009 WL 10670312, at *1 (M.D. Fla. Nov. 16, 2009).

### III.   ANALYSIS.

Defendant seeks to recover $400.00 in fees of the Clerk and $8,486.65 in "fees and disbursements for printing." Doc. No. 52, at 1. The $400.00 in fees of the Clerk represents the costs of Defendant removing the action to this Court. Doc. No. 51, at 3. The "fees and disbursements for printing," Defendant explains, relate to copies of deposition transcripts necessarily obtained for use in this case. *Id.* at 2. It appears, therefore, that the proposed bill of costs includes the $8,486.65 on the incorrect line item, which instead should be listed as "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." *See* Doc. No. 52, at 1. As set forth below, the undersigned will recommend that Defendant be ordered to file an amended proposed bill of costs reflecting the appropriate categories to rectify this discrepancy.

Plaintiff objects to the proposed bill of costs on several bases. Plaintiff first argues that Defendant unnecessarily delayed in taking depositions in this case, and thus costs for expedited deposition transcripts are not properly taxed against him. Doc. No. 53, at 1–2, 4–6. Plaintiff also objects to Defendant's requested costs for exhibits used at deposition, contending that Defendant already had copies of such exhibits. *Id.* at 2. Plaintiff next argues that Defendant did not utilize all of the deposition transcripts at issue in this litigation or to support dispositive motions or

responses. *Id.* Plaintiff further contends that the deposition invoices include extraneous fees not properly taxed that were incurred for the convenience of counsel. *Id.* at 2, 5. Finally, Plaintiff states that Defendant's proposed bill of costs is essentially confusing, and thus costs should be denied in entirety. *Id.* at 2–3. In the event the Court is inclined to award costs, Plaintiff requests that such costs be limited to $1,997.10. *Id.* at 3, 10.

    A.    <u>Fees of the Clerk</u>.

In the proposed bill of costs, Defendant seeks $400.00 in "fees of the Clerk." Doc. No. 52, at 1; *see also id.* at 35. Plaintiff does not specifically address the $400.00 requested cost in his response. *See* Doc. No. 53. Upon review, the $400.00 in "fees of the Clerk" is a recoverable cost, which I respectfully recommend be awarded to Defendant as the prevailing party in this case. *See United Title Grp., LLC v. Regions Bank*, No. 6:16-cv-1943-Orl-22GJK, 2017 WL 1132567, at *2 (M.D. Fla. Mar. 7, 2017), *report and recommendation adopted*, 2017 WL 1113493 (M.D. Fla. Mar. 24, 2017) ("Defendant's removal fees are recoverable under 28 U.S.C. § 1920." (citing *Egwuatu v. Burlington Coat Factory Warehouse Corp.*, No: 8:10-cv-996-T-33TGW, 2011 WL 3793457, at *6 (M.D. Fla. Aug. 25, 2011) ("[T]he removal fee and costs for service of process are compensable under § 1920(1).")))

    B.    <u>Deposition Transcripts</u>.

Defendant includes with the proposed bill of costs several invoices for which it does not appear to be seeking recovery, as well as duplicate copies of various deposition transcript invoices. In this regard, the undersigned agrees with Plaintiff that Defendant's filing is a bit confusing. However, based on the total amount of costs sought in this category ($8,486.65) (Doc. No. 52, at 1), and Defendant's motion (Doc. No. 51, at 2–3) it is clear that Defendant is only seeking to recover costs related to the following three invoices included with the proposed bill of costs:

- Karen Harris & John Hornbeek:   total $2,740.24 (Doc. No. 52, at 32).

- Plaintiff Carlos Velez:   total $3,401.41 (Doc. No. 52, at 33).

- Dana Lynne Pincek, Lisa Matos-Rodriguez, Carlos Araujo, Kaleht Rodriguez, Judy Seda, John Hornbeek:   total $2,345.00   (Doc. No. 52, at 34).

- Total costs for deposition transcripts:   $8,486.65.[1]

In this regard, Plaintiff argues that during this case, Defendant "caused significant delays in setting depositions," and absent explanation from Defendant, costs for expedited deposition transcripts should not be permitted.   Doc. No. 53, at 2, 5.   Plaintiff also challenges the fees for electronic draft and condensed transcripts, delivery costs, and costs of exhibits, stating that such fees are ordinarily fees incurred for the convenience of counsel and not recoverable, and that Defendant fails to provide an explanation for these requested costs.   *Id.* at 5.   Plaintiff also challenges as "superfluous" charges for exhibits and shipping and data packages.   *Id.* at 6.   Finally, Plaintiff suggests that some of the depositions were not used by Defendant in its summary judgment briefing, and Defendant fails to explain why such deposition transcripts were otherwise necessary.   *Id.* Plaintiff provides a detailed chart of all of the costs which he claims are not recoverable in this case.   *Id.* at 6–10.

Several of Plaintiff's arguments are well taken.   The undersigned will address each invoice in turn.

1. *Plaintiff Carlos Velez (Doc. No. 52, at 33).*

The invoice for Plaintiff's deposition transcript includes the following charges:

- Original Transcript & 1 Copy - Vol 1 & 2 – EXPEDITE:   $2,483.90

---

[1] The remaining invoices include several subpoenas and hospital retrieval fees, and it does not appear that Defendant seeks to recover such costs, as those are not addressed in Defendant's motion, nor does Defendant include any request for "fees for service of summons and subpoena" in its proposed bill of costs. *See* Doc. Nos. 51, 52, at 1.   Accordingly, the remaining invoices are not further addressed herein.

- Mini / Condensed Transcript:   $29.00
- Exhibits:   $261.45
- E-Bundle / Lit Support Package:   $47.50
- Reporter Appearance Fee:   $807.50
- Logistics Fee:   $95.00
- Processing, Handling & Archiving – Expedited:   $55.00
- Preferred Client Discount   ($377.94)
- Total:   $3,401.41

Doc. No. 52, at 3, 33 (complimentary charges omitted).

Plaintiff does not dispute, and the record reflects, that Defendant relied on Plaintiff's deposition in support of its summary judgment briefing, and that Plaintiff's deposition transcript was therefore necessarily obtained for use in this case. *See* Doc. No. 34. However, the undersigned agrees with Plaintiff that, absent additional explanation from Defendant, several of the costs associated with Plaintiff's deposition are not taxable, including a second copy of the transcript, charges to expedite the transcript, a condensed transcript, the costs of exhibits, the litigation support package fee, the logistics fee, and expedited processing.

Costs associated with expedited transcripts should not be taxed as a matter of course. *See Maris Dist. Co. v. Anheuser–Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002). However, a prevailing party may recover expedited charges by showing that either necessity or extraordinary circumstances justified that expense. *George v. Fla. Dept. of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). In the motion to tax costs, Defendant makes no argument as to why the expedited transcript was necessary. Nor does Defendant otherwise explain why two copies of the transcript were necessary. Accordingly, the undersigned recommends that the Court decline to award these costs. *See Mims/Alafia, LLC v. Mosaic Fertilizer, LLC*, No. 8:05-cv-2271-T-26EAJ, 2007 WL 9723778, at *1 (M.D. Fla. July 20, 2007) (declining costs for expedited transcripts and awarding at regular rate); *Tesler v. Costa Crociere S.p.A.*, No. 08-60323-CIV, 2009 WL 1851091, at *2 (S.D. Fla. June 29, 2009) (citation omitted) ("The only compensable cost

regarding transcripts . . . is for those necessarily obtained for use in the case. Thus only one copy of each transcript is recoverable. . . .").

The invoice does not provide separate charges for the original transcript, the copy of the transcript, or the costs to expedite the transcript, rendering it impossible to determine which portion of the transcript fee is recoverable. *See* Doc. No. 52, at 33 (original transcript, copy of transcript, and expedited transcript on same line item for a total of 295 pages and $2,483.90). And Defendant does not otherwise provide a breakdown of these fees in its motion or evidence to support same. *See* Doc. No. 51. Accordingly, the undersigned will respectfully recommend that the costs for the transcript and copy thereof on this line item be denied in their entirety. *See, e.g.*, *Tarkenton v. Buth Na Bodhaige, Inc.*, No. 6:14-cv-342-Orl-37GJK, 2016 WL 3563873, at *3 (M.D. Fla. July 1, 2016) (sustaining objection to costs for depositions where the party "failed to provide documentation or attestations with its Bill of Costs as to which portion of the deposition costs were incurred as standard preparation fees and which portion represents unrecoverable costs related to delivery of the deposition transcriptions and preparation of a mini version of [one of the] deposition[s]"; and not allowing such evidence to be presented to the presiding District Judge via objections to a report and recommendation). *See also Johnston v. Borders*, No. 6:15-cv-936-ORL-40DCI, 2017 WL 1968352, at *5 (M.D. Fla. Apr. 24, 2017) (internal quotation and citations omitted) ("[T]he party seeking costs must provide sufficient detail and documentation regarding the requested costs so the opposing party may challenge the costs and the court may conduct a meaningful review . . . . Failure to provide sufficient detail or supporting documentation . . . can be grounds for denial of costs."), *report and recommendation adopted*, 2017 WL 1957278 (M.D. Fla. May 11, 2017).[2]

---

[2] As discussed below, as it relates to the other invoices for witness depositions, the undersigned will recommend a reduction in rates for expedited transcripts when the standard rate is apparent from the record. However, with the invoice as it relates to Plaintiff's deposition, which was issued by a different company (Lexitas) than identified in the other invoices (Fontaine Reporting Services), and absent any evidence or

The fees for condensed transcripts, exhibits, litigation support package, and processing and handling, absent explanation from Defendant, are also not taxable costs. *See Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (stating that section 1920 "does not authorize recovery of costs for shipment of depositions");³ *McCullars v. Maloy*, No. 6:17-cv-1587-Orl-40GJK, 2020 WL 5822154, at *3 (M.D. Fla. Sept. 10, 2020) ("Non-recoverable deposition costs include litigation packages, expedited transcript fees, rough drafts, shipping and handling fees, disc copies, and e-transcript fees."), *report and recommendation adopted*, 2020 WL 5822103 (M.D. Fla. Sept. 28, 2020); *Krug v. Celebrity Cruises, Inc.*, No. 16-22810-CIV, 2018 WL 3697495, at *4 (S.D. Fla. Apr. 26, 2018) ("[C]osts incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel."); *Guerra v. Se. Freight Lines, Inc.*, No. 13-22070-CIV, 2014 WL 6751589, at *7 (S.D. Fla. Aug. 8, 2014) ("Fees for expedited or condensed transcripts, rough drafts, compressed and mini script versions, and CD ROM's with ASCII are not reimbursable under § 1920, where such services are for the *convenience of counsel*."); *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) ("[T]he Court will not award costs for deposition exhibits when the prevailing party 'has provided no information demonstrating that the copies of transcript exhibits were made for anything more than convenience of counsel.'" (quoting *George v. Fla. Dep't of Corrs.*, No. 07-80019-CIV, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008))). Therefore, the

---

explanation as to the standard rate charged for transcripts by Lexitas, the record is simply insufficient as it relates to the invoice for Plaintiff's deposition to determine the breakdown of costs related to the deposition transcript.

³ Unpublished opinions of the Eleventh Circuit Court of Appeals are cited as persuasive authority. *See Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

taxable costs for this invoice should be further reduced by $487.95 ($29.00 for condensed transcript + $261.45 for exhibits + $47.50 for litigation support package + $95.00 for logistics fee + $55.00 for expedited processing, handling, and archiving).

However, the fee for court reporter attendance is a taxable cost. *See, e.g.*, *Computer Program & Sys. Inc. v. Wazu Holdings, Ltd.*, No. CV 15-00405-KD-N, 2019 WL 1119352, at *14 (S.D. Ala. Mar. 11, 2019); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258–59 (S.D. Fla. 2013); *Spatz*, 2012 WL 1587663, at *4. Accordingly, the undersigned will respectfully recommend that the Court award the reporter appearance fee of $807.50, which will be the only recoverable cost as it relates to this invoice. *See* Doc. No. 52, at 33.

> 2. *Dana Lynne Pincek, Lisa Matos-Rodriguez, Carlos Araujo, Kaleht Rodriguez, Judy Seda, John Hornbeek (Doc. No. 52, at 34).*

The next invoice includes the following charges:

- Deposition of Dana Lynne Pincek:   $453.60
- Deposition of Lisa Matos-Rodriguez:   $159.60
- Deposition of Carlos Araujo:   $130.20
- Deposition of Kaleht Rodriguez:   $151.20
- Deposition of Judy Seda:   $184.80
- Deposition of John Hornbeek – 6 day expedite (7/16/2020):   $444.60
- Deposition of John Hornbeek – 6 day expedite (7/24/2020):   $432.90
- Deposition of John Hornbeek – 6 day expedite (7/24/2020):   $327.60
- Exhibits:   $30.50
- Hand-delivered:   $30.00
- Total: $2,345.00

Doc. No. 52, at 34 (non-charge for "minuscripts" omitted).

The depositions of Plaintiff Carlos Velez; John Hornbeek; Karen Harris; July Seda; Kaleht Rodriguez; Lynn Pincek were all filed in support of Defendant's motion for summary judgment. *See* Doc. Nos. 33–35. Defendant did not file, or rely upon, the depositions of Lisa Matos-Rodriguez or Carlos Araujo in its summary judgment papers, nor does Defendant's reliance on these depositions otherwise appear on the docket. *See* Doc. Nos. 33–35, 43–44, 47. However, Plaintiff

relied on the depositions of Lisa Matos-Rodriguez and Carlos Araujo in support of his request for summary judgment.  *See* Doc. Nos. 37-7, 45-12.

Although Defendant did not directly rely on all of the depositions in its summary judgment briefing, the undersigned still finds support that such depositions were necessarily obtained for use in this case, particularly given that Plaintiff himself relied on the depositions of Lisa Matos-Rodriguez and Carlos Araujo in support of his motion for summary judgment.  *See, e.g.*, *Geisler v. FedEx Ground Package Sys., Inc.*, No. 3:12-cv-1189-J-34PDB, 2017 WL 4404442, at *4 (M.D. Fla. Aug. 28, 2017) (finding that although the defendant did not rely on certain depositions in its summary judgment briefing, plaintiff's reliance on them demonstrated that the depositions were related to the issues in the case and reasonably necessary for the defendant to obtain them); *Cabrera v. Town of Lady Lake, Fla.*, No. 5:10-cv-415-Oc-34PRL, 2014 WL 12872758, at *2 (M.D. Fla. May 20, 2014) (finding fact that certain depositions were not cited in the defendant's motion for summary judgment was not dispositive), *report and recommendation adopted*, 2014 WL 12872704 (M.D. Fla. June 12, 2014).  Indeed, a deposition is considered necessary if it was "related to an issue which was present in the case at the time the deposition was taken."  *W&O, Inc.*, 213 F.3d at 620–21 (internal quotation marks omitted).  And, "even where a deposition is not ultimately used as part of a prevailing party's case, . . . the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken."  *Watson*, 492 F. App'x at 996–97.  Thus, Plaintiff's argument that the costs associated with the depositions of Lisa Matos-Rodriguez and Carlos Araujo should be denied in entirety for Defendant's failure to explicitly rely on these depositions in support of summary judgment is unpersuasive.[4]

---

[4] Plaintiff makes no specific objections to the deposition transcript charges related to Dana Lynn Pincek, Kaleht Rodriguez, or Judy Seda, at $4.20 per page.  Doc. No. 53, at 6–10.  And as discussed above, the undersigned finds that based on Defendant's reliance on these depositions at summary judgment, the depositions were necessarily obtained for use in this case.  Based on the lack of objection from Plaintiff, the

Nonetheless, Plaintiff's objection to the "6-day expedite" of the deposition transcripts related to John Hornbeek is well taken. As discussed above, costs associated with expedited transcripts should not be taxed as a matter of course. *See Maris Dist. Co.*, 302 F.3d at 1226. Again, Defendant provides no explanation in its motion for expediting these transcripts, and accordingly, the costs for expediting these transcripts should be denied. However, unlike the invoice for Plaintiff's deposition transcript, which did not provide the regular rate, here, based on the invoice provided by Defendant, it appears that the remaining deposition transcripts by Fontaine Reporting Service were billed at $4.20 per page. *See* Doc. No. 52, at 34. Therefore, the undersigned will respectfully recommend that the charges as it relates to Mr. Hornbeek's depositions be reduced to the regular rate of $4.20 per page. *See, e.g.*, *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) (finding expedited charges related to deposition not recoverable but taxing costs at regular rate); *Mims/Alafia, LLC*, 2007 WL 9723778, at *1 (same). Thus, the taxable costs for the transcripts of Mr. Hornbeek's depositions should be reduced from $1,205.10 to $865.20 (206 total pages multiplied by $4.20 rather than $5.85), for a total reduction of $339.90.

Finally, Defendant again provides no explanation for the charges for exhibits or hand delivery, and thus, these charges must likewise be excluded. *See Watson*, 492 F. App'x at 997 (shipment of depositions not a recoverable cost); *Spatz*, 2012 WL 1587663, at *6 (declining to permit recovery of exhibit costs). Therefore, the costs should be further reduced by $60.50.

In sum, the Court should reduce the recoverable costs as it relates to this invoice to a total of $1,944.60.

---

undersigned will recommend taxation of the charges as they relate to those deposition transcripts, which do not appear to have been ordered on an expedited basis. *See* Doc. No. 52, at 34.

       *3. Karen Harris & John Hornbeek (Doc. No. 52, at 32).*

The final invoice at issue includes the following charges:

- "Dirty Rough of the Deposition" of Karen Harris:  $302.10
- Final 48-hour expedited transcript of the deposition of Karen Harris:  $1,340.64
- "Dirty Rough of the Deposition" of John Hornbeek (5/5/2020):  $178.60
- Final 24-hour expedited transcript of deposition of John Hornbeek (5/5/2020): $848.40
- Exhibits (71 pages):  $35.50
- Overnight:  $35.00
- Total:  $2,740.24

Doc. No. 52, at 33 (complimentary shipping/delivery omitted).

Again, Defendant has not demonstrated that the costs for expedited transcripts are recoverable as it relates to these depositions. Accordingly, as this invoice was also issued by Fontaine Reporting Service, which, as discussed above, appears to charge a standard rate of $4.20 per page, *see* Doc. No. 52, at 34, the undersigned will respectfully recommend that the recoverable costs be reduced accordingly. *See, e.g.*, *Barrera*, 900 F. Supp. 2d at 1335 (finding expedited charges related to deposition not recoverable but taxing costs at regular rate); *Mims/Alafia, LLC*, 2007 WL 9723778, at *1 (same). This would result in a total for the deposition transcript of Karen Harris being $705.60 (168 pages multiplied by $4.20), and that of John Hornbeek being $424.20 (101 pages multiplied by $4.20), a total reduction of $1,059.24.

The costs for the rough drafts of the transcripts are likewise not recoverable. *See McCullars*, 2020 WL 5822154, at *3 ("Non-recoverable deposition costs include . . . rough drafts."). Accordingly, I will respectfully recommend that the recoverable costs be further reduced by $480.70 ($302.10 for Ms. Harris and $178.60 for Mr. Hornbeek). Nor are the costs for exhibits or overnight delivery recoverable costs, absent some explanation from Defendant. *See Watson*, 492 F. App'x at 997; *Spatz*, 2012 WL 1587663, at *6. Accordingly, the total recoverable costs must also be reduced by an additional $70.50.

For these reasons, I recommend that the Court reduce the recoverable costs for this invoice to $1,129.80.

In sum, I respectfully recommend that the Court reduce Defendant's total recoverable costs as it relates to depositions necessarily obtained for use in this case from $8,486.65 to a total of $3,881.90, rendering Defendant's total recoverable costs $4,281.90.

## IV.   RECOMMENDATION.

For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Court:

1. **GRANT in part and DENY in part** Defendant's Motion to Tax Costs (Doc. No. 51).

2. **SUSTAIN in part** Plaintiff's objections to the Proposed Bill of Costs (Doc. No. 52) as outlined herein.

3. **AWARD** Defendant total costs as follows:

    - $400.00 in fees of the Clerk.
    - $3,881.90 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

4. **DENY** the remainder of the requested costs.

5. **DIRECT** Defendant to file, by a date set forth by the Court, an amended bill of costs to reflect the appropriate categories and amounts as outlined herein, and thereafter **DIRECT** the Clerk of Court to enter same.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 30, 2021.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record